THE STATE OF NEVADA ex rel. HARRY SPRINGER,
Petitioner, v. JOHN KOONTZ, Secretary of State
of Nevada, Respondent.

No. 6429

March 4, 1971                    482 P.2d 301

*Melvin Schaengold,* and *Samuel T. Bull,* for Petitioner.

*Harvey Dickerson,* Attorney General, for Respondent.

## OPINION

*Per Curiam:*

Petitioner sought a writ of prohibition or in the alternative a writ of mandamus.[1]

NRS 293.165(1)(a) provides: "A vacancy occurring in a

---

[1] At the hearing, the court ruled peremptorily that Philip Hulse be added to the ballot, formal opinion to follow.

party nomination for office may be filled by a candidate designated by the appropriate political party central committee of the county or state, as the case may be, where:

"(a) The nominee dies after the primary election and before the general election."

Mervin Gallagher, the incumbent State Mining Inspector, had filed for re-election but died after he was nominated together with another candidate, Harry Springer. They were the party's nominees by reason of the fact that they received the highest number of votes of those who filed on the Democratic ticket for the office of Nevada State Mining Inspector. Both were members of the Democratic party. No Republican or candidates from any other party had filed.

After Gallagher's death, the Secretary of State certified Philip Hulse as the nominee who was proposed by the Democratic Central Committee of the State of Nevada in accordance with the aforementioned statute. Petitioner Springer standing alone as the nominee and therefore effectively elected to the office in the absence of an opponent, sought to keep Hulse's name from the ballot on the allegation that no vacancy existed for Hulse's selection.

He was in error. NRS 293.260(2) provides that when only one political party had candidates for an office, the candidates of such party who receive the highest number of votes at such primary, not to exceed twice the number to be elected to such office at the general election, shall be deemed the nominees for the office since only one person could be elected to such office. The consequence of the statute therefore is to create as nominees the two highest emerging from the primary. Only the Democratic party had candidates for the office. Gallagher's death created a vacancy in the nominations for which NRS 293.165(1)(a) prescribes the method of replacing a deceased nominee.

Plainly, the purpose of the statute making provision for a replacement in the event of death of a nominee is to remove as much as possible the possibility that a nomination at a primary election be equivalent to absolute election. The legislators obviously desire to give the voting public a choice.

The petition is denied.